UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST EDWARD GRAY, | No. 2:23-cv-02526-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| KONRAD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

Plaintiff alleges that, on June 20, 2022, defendant Zlujman (plaintiff is unsure of this spelling), a correctional officer at CSP-Sac, came to retrieve plaintiff from "R&R" and escort him to "B-Yard." Plaintiff told Zlujman of his "enemy concerns" and refused to go. Zlujman "threaten[ed] violence while the rest looked on," so plaintiff relented and went to B-Yard.

On some unspecified date, defendant Konrad, a captain at CSP-Sac, walked through "the A section of B-8." Plaintiff tried to get their attention, but they did not acknowledge him despite talking to other inmates. In fact, Konrad spoke to inmate Taylor in front of plaintiff's cell. When Taylor asked Konrad what "they" were going to do with plaintiff, Konrad responded, "Kill him." On June 23,[1] Taylor "tried to extort" plaintiff or to get him "outside to fight."

When plaintiff went to "committee" on June 29, 2022, Konrad was presiding. Plaintiff explained his "enemy concerns," but was released to B-Yard.

On July 1, 2022, an unidentified defendant, who was working as watch tower correctional officer, released the bottom tier of inmates in plaintiff's housing unit. Inmates Davis and Taylor came upstairs to plaintiff's cell. Davis attacked plaintiff before the door to plaintiff's cell was closed.

On July 2, 2022, Zlujman was the "wand officer for metal" during the release of inmates to the yard. A "stripped down" inmate Davis walked right past Zlujman. Once on the yard, Davis attacked and stabbed plaintiff with a weapon.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted). Prison officials are obligated by the Eighth Amendment to take reasonable measures to protect prisoners from violence by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To state a failure-to-protect claim against an official, an inmate must allege: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the official was deliberately indifferent to his safety. *Id.* "Deliberate indifference" occurs when an official knows of and disregards an excessive risk to an inmate's safety. *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

---

[1] Plaintiff does not specify the year, but the court assumes from context that the incident took place in 2022.

inference." *Id.*

Plaintiff's allegations are too vague to state a viable Eighth Amendment claim. Plaintiff does not explain his "enemy concerns" anywhere in the complaint or provide any detail of what exactly he told Konrad and Zlujman, which prevents the court from determining whether the information he provided to them was sufficient to alert them to a substantial risk of serious harm to plaintiff on B-yard. If plaintiff contends that Zlujman was aware of facts indicating inmate Davis possessed a weapon when he walked past Zlujman but Zlujman deliberately ignored those facts, he must say so and state what those facts are.

Plaintiff also fails to state facts from which it could be inferred that the Doe defendant, the watch tower officer, was aware of, but disregarded, a serious risk of harm to plaintiff.

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: January 22, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE