UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST GRAY, | No. 2:23-cv-02526-DC-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KONRAD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff initiated this action on June 16, 2023 and filed his first amended complaint (FAC) on February 15, 2023. ECF Nos. 1 and 17. After screening the FAC, this court found that plaintiff had stated potentially cognizable Eighth Amendment claims against defendants Konrad and Lujan.[1] ECF No. 21. Defendant Konrad now moves to dismiss the FAC on the ground that plaintiff has failed to state a claim. ECF No. 31. Plaintiff has also filed a motion for a protective order, which defendant Konrad has opposed. ECF Nos. 33 and 36. For the following reasons, it is recommended that defendant's motion to dismiss be GRANTED with leave to amend and plaintiff's motion for a protective order be DENIED.

---

[1] At the time defendant Konrad's motion to dismiss was filed, defendant Lujan, who had not been identified or served, was referred to as Zlujman,. ECF No. 25. Defendant Lujan has now been served and has filed an answer indicating the correct name of Lujan. ECF No. 46. Henceforth, the court will refer to any references to "defendant Zlujman" as "defendant Lujan."

1

I. **Plaintiff's Allegations**[2]

Plaintiff is currently incarcerated at the California State Prison in Sacramento (CSP-SAC) where the events in his FAC took place. ECF No. 17 at 1. According to plaintiff, on June 21, 2022, defendant Lujan, a correctional officer, came to retrieve plaintiff from "R&R" and escort him to "B-Yard." *Id.* Plaintiff alleges that he told defendant Lujan that the yard would be dangerous for him because he had previously fought with an inmate called "Sally" who was a member of the Crips gang, and another member had threatened to retaliate against plaintiff. *Id.* Despite this, Lujan forced plaintiff to go to B-yard. *Id.* at 1-2.

Plaintiff also alleges that on or around June 26, 2022, defendant Konrad, a captain at CSP-SAC, walked through the section of the prison where plaintiff was residing, and plaintiff tried to get Konrad's attention. *Id.* at 2. According to plaintiff, Konrad talked to inmate Taylor in front of plaintiff's cell. *Id.* Taylor asked Konrad what "they" were going to do to plaintiff, and Konrad stated "kill him." *Id.* On June 28, 2022, Taylor tried to "extort" plaintiff to go to the store or outside to fight "Sally's home boy Psycho." *Id.*

Plaintiff later attended a "committee" presided by Konrad on June 29, 2022. According to the TAC, plaintiff maintained that he was in danger from Crips members because of his fight with Sally, and Konrad allegedly responded that "with all of the violence you have, no way am I going to save you." *Id.* at 2-3.

On July 1, 2022, inmates Davis and Taylor came to plaintiff's cell. *Id.* Davis then attacked plaintiff before the door to his cell could be closed. *Id.* On July 2, 2022, inmate Davis attacked and stabbed plaintiff with a weapon on the yard. *Id.* Defendant Lujan was responsible for screening prisoners that day before they entered the yard, and Lujan allegedly permitted Davis to walk past him. *Id.* at 4. According to plaintiff, defendants Konrad and Lujan were deliberately indifferent to his safety, allowing him to be attacked. *Id.* Plaintiff requests, *inter alia*, declaratory relief, and compensatory and punitive damages. *Id.* at 5.[3]

---

[2] These allegations are from the FAC and are accepted as true for the purposes of this motion.

[3] Plaintiff has also attached two exhibits to his FAC "to show deliberately indifferen[ce]".

2

## II. Legal Standards

### A. Motion to Dismiss

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co*., 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984). In resolving a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true (and any reasonable inference supported by the facts). *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### B. Deliberate Indifference to Safety Conditions/Failure to Protect

To prevail on a clam under section 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement

in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

"Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is "objectively, subjectively serious" and (2) the prison officials had a "sufficiently culpable state of mind," acting with deliberate indifference. *Farmer*, 511 U.S. at 834 (internal quotations omitted). "Deliberate indifference entails something more that mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To show deliberate indifference, "an inmate must prove that the official was both aware of facts from which the inference could be drawn that substantial risk of serious harm existed, and he must also have drawn the inference." *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995) (internal quotation marks omitted). Defendants violate the Eighth Amendment only if they were deliberately indifferent to the risk of harm in question, meaning they knew of it yet failed to take reasonable measures to ensure prisoners' safety. *Farmer*, 511 U.S. at 837; *Wilson v. Seiter*, 501 U.S. 294; 302-02 (1991); *Hearns v. Terhune*, 413 F.3d 1036 (9th Cir. 2005).

Furthermore, to state a claim under section 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

4

1  Supervisory personnel are generally not liable under section 1983 for the actions of their
2  employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat
3  superior liability under § 1983."). A supervisor is only liable for the constitutional violations of
4  subordinates if the supervisor participated in or directed the violations, or had actual knowledge
5  of the violations and failed to act to prevent them. *Id.* When a defendant holds a supervisory
6  position, the causal link between him and the claims of constitutional violation must be
7  specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*,
8  589 F.2d 438, 441 (9th Cir 1978).

### III. Analysis

Plaintiff alleges that defendant Konrad was deliberately indifferent to his safety in prison, specifically to the risks plaintiff allegedly faced from members of the Crips gang. Defendant Konrad maintains that plaintiff has not properly stated a claim for relief against him, and that he should be dismissed from the FAC.

#### A. Incorporation By Reference

Defendant first maintains that the classification committee report for the June 29, 2022 hearing, which the complaint refers to as the "Classification Report"[4] (hereafter "CR"), should be incorporated by reference into plaintiff's FAC. Plaintiff states in his complaint that he is attaching the CR "to show deliberately [sic] indifferen[ce]", and it is attached as Exhibit 1. ECF No. 17 at 4, 7-12. Defendant does not dispute that the pages attached are a portion of the CR and part of plaintiff's central file. ECF No. 31-1.

Consideration of documents incorporated by reference in a complaint can be appropriate in certain circumstances. *See, e.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Here, the CR is referenced in the complaint; plaintiff explicitly states he is relying on it for support of his claim of deliberate indifference; and neither party has raised any dispute as to its authenticity.[5]

---

[4] ECF No. 17 at 4, 16-21.

[5] Plaintiff's opposition (ECF No. 36) argues that the CR is incomplete, and does not reflect all that happened in the hearing, but he does not contend that what he attached to his FAC

5

1   Thus, the court finds the CR appropriate for consideration in the analysis of defendant's motion to
2   dismiss. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (stating "[w]e
3   have extended the doctrine of incorporation by reference to consider documents in situations
4   where the complaint necessarily relies upon a document or the contents of the document are
5   alleged in a complaint, the document's authenticity is not in question and there are no disputed
6   issues as to the document's relevance.").

7   Certain aspects of the CR contradict plaintiff's assertions as pled in his FAC. *See infra.*
8   The court, however, may disregard allegations contradicted by a complaint's attached exhibits.
9   *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing,*
10  *Inc.*, 143 F.3d 1292, 1295-96 (9th Cir. 1998).

### B. Objective Component

12  Defendant argues that plaintiff has not sufficiently pled that defendant's acts or omissions
13  were "objectively, subjectively serious" such that plaintiff was deprived of the "minimal civilized
14  measure of life's necessities." *Farmer*, 511 U.S. at 834. To be liable, a defendant must know
15  that a plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take
16  reasonable measure to abate it." *Id.* at 847. Specifically, defendant maintains that plaintiff has
17  not adequately pled that someone in defendant's position would have perceived an obvious risk to
18  plaintiff's safety from: 1) an attack on plaintiff by inmates David and/or Taylor in front of
19  plaintiff's cell, which occurred on July 1; or 2) placing plaintiff in-B yard, where he was stabbed
20  on July 2. ECF No. 17 at 3-4.

21  "Prison officials have a duty . . . to protect prisoners from violence at the hands of other
22  prisoners." *Farmer*, 511 U.S. at 833. Here, however, plaintiff has not pled facts demonstrating
23  that defendant knew of an obvious or excessive risk to plaintiff from inmates Davis and/or
24  Taylor, or if plaintiff went to B-yard. Defendant Konrad was the chairperson of plaintiff's
25  classification committee hearing on June 29, 2022. ECF No. 17 at 8. According to the TAC,
26  plaintiff maintained at the hearing that he was in danger from Crips members because of his fight
27  with Sally, and Konrad allegedly responded: "with all of the violence you have, no way am I

28  is not an authentic copy of the CR.

6

going to save you." *Id.* at 2-3.  The CR, however, incorporated by reference into the TAC, does not reflect that plaintiff notified defendant of any safety concerns with Crips members, or with inmates Davis or Taylor.  ECF No. 17 at 7-13.

As discussed, *supra,* the court may disregard allegations contradicted by a complaint's attached exhibits.  *Durning*, 815 F.2d at1267; *Steckman*, 143 F.3d at 1295-96.  Here, the TAC's allegations that plaintiff informed defendant Konrad that plaintiff was in danger from the Crips is contradicted by the CR that plaintiff attached as an exhibit.  Even construing the FAC in the light most favorable to the plaintiff, *Broam*, 320 F.3d at 1028, and assuming plaintiff *did* inform defendant that plaintiff was in danger from the Crips, plaintiff does not assert anywhere that defendant was specifically informed that plaintiff faced an obvious and significant risk from inmate Davis and/or Taylor (who are not alleged to be Crips members) or from being in B-yard.  ECF No. 17.  Plaintiff does allege that he informed defendant Lujan that he would be in danger in the yard because he had had a fight with "Sally", a member of the Crips gang on March 18, 2022, and another Crips-affiliated inmate had then threatened to retaliate against plaintiff.  ECF No. 17 at 1-2.  He does not allege, however, that he informed defendant Konrad of this fight, and even if he had, a fight with "Sally" in March 2022 does not give rise to an obvious and excessive risk of harm to plaintiff from different inmates several months later.

Plaintiff alleges that he tried to get defendant Konrad's attention on June 26, 2022, shortly before he was attacked on July 1 and July 2.  According to plaintiff, defendant Konrad spoke to inmate Taylor, who asked what "they" were going to do with plaintiff, and Konrad responded "Kill him."  ECF No. 17 at 2.  Even construed in the light most favorable to plaintiff, this vague exchange that does not identify who "they" are, is not sufficient to demonstrate that defendant Konrad was alerted to a substantial risk of serious harm from inmates Davis and/or Taylor or from other inmates in B-yard.  Nor does it indicate that defendant was aware of plaintiff's fight with "Sally" and potential retaliation from Crips members.  Accordingly, plaintiff has not adequately pled that defendant Konrad knew that plaintiff faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measure to abate it."  *Farmer,* 511 U.S. at 847.

7

### C. Subjective Component

Defendant also maintains that plaintiff has not adequately pled the subjective component of an Eighth Amendment claim, *i.e.* that defendant Konrad demonstrated a "deliberate indifference to a substantial risk of serious harm." *Farmer*, 511 U.S. at 836. Although the court has already determined that plaintiff has not adequately pled the objective component of an Eighth Amendment claim, it will address the subjective component in the event that plaintiff chooses to amend his complaint.

For the subjective component, "a prison official must have a 'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 302-03; and collecting cases). Mere negligence is not sufficient. *Id.* at 835. Rather, "a prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

As discussed *supra*, and according to plaintiff's complaint, plaintiff did not speak to defendant during their encounter on June 26, 2022. In addition, the CR specifically relied upon by plaintiff to show deliberate indifference (ECF No. 17 at 4) does not demonstrate that plaintiff disclosed to defendant and others on the committee that he had a specific fear of the members of the Crips gang, of inmates Taylor or Davis, of "Sally" who had previously attacked plaintiff, or of B yard. *Id.* at 7-13. In fact, the CR reflects that when plaintiff is informed that he will be programmed "in B EOP", plaintiff agrees with the placement decision. *Id.* at 8.

Defendant Konrad did not fail to protect plaintiff from serious harm because plaintiff has not adequately alleged that defendant was even aware that plaintiff was at serious risk of harm from Crips members, or from inmates Davis or Taylor. Plaintiff does not posit that Defendant Konrad was aware of his alleged fight with "Sally" on March 18, 2022 and how inmate Taylor and Davis are associated with that encounter. ECF No. 17. To the extent plaintiff is alleging that defendant "knew or should have known" of a serious risk to plaintiff, such an allegation "is not sufficient to establish deliberate indifference. [Rather], [p]laintiff must demonstrate that [defendant] had actual knowledge" of a risk of serious harm. *Hollis v. York,* 2009 WL 3255375,

8

*8 (E.D. Cal. Oct 8, 2009).[6]  This he does not do.  As such, the FAC fails to state an Eighth Amendment claim against defendant Konrad.

### D.  Leave to Amend

In general, leave to amend is to be freely granted.  Fed. R. Civ. P. 15(a).  Plaintiff has only amended his complaint once, and although defendant urges this court to deny plaintiff leave to amend, the court will permit plaintiff another opportunity to state a claim.  Plaintiff is cautioned that the court will not be inclined to allow further leave to amend if his second amended complaint fails to cure these defects.

Plaintiff is also cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  The amended complaint must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring unrelated claims against multiple defendants.  *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

////

////

---

[6] It is undisputed that defendant was not present when plaintiff was harmed on July 1 and 2, 2022, and thus he was not in a position to physically protect plaintiff

### E. Motion for Protective Order

Plaintiff has filed what he styles as a motion for a protective order. ECF No. 33. This motion, which actually appears to be a motion for an injunction, does not concern any of the allegations in plaintiff's TAC. ECF No. 17. Rather, it involves allegations by plaintiff that on June 3, 2021, he was molested by a Nurse Cassia after a tele-med visit with a physician. ECF No. 33 at 2. Plaintiff alleges he reported Nurse Cassia who then threatened him. *Id.* Plaintiff requests protection from retaliation and retribution, and seeks to be transferred from CSP-SAC, where defendant Konrad is employed. Other than this brief mention of defendant Konrad – who is not alleged to have participated in or have knowledge of the incident with Nurse Cassia – there is no overlap between the parties in plaintiff's TAC, and the parties discussed in plaintiff's motion for a protective order.

Plaintiff has not filed a complaint regarding the incidents described in his motion for a protective order, and the incidents are not related to those in the TAC. As such, plaintiff's request is not properly before this court, and this court cannot grant the requested relief. *See, e.g. Powell v. Rios*, 241 Fed. Appx. 500, 505, fn. 4 (stating that "[a]bsent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief."). Plaintiff's motion for a protective order is therefore denied.

### IV.  Recommendations

For the foregoing reasons, it is RECOMMENDED that:

1. Defendant Konrad's motion to dismiss (ECF No. 31) be GRANTED;
2. Plaintiff's motion for a protective order (ECF No. 33) be DENIED;
3. Plaintiff be permitted to amend his complaint within thirty days of the date of this Order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 27, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE