UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST E. GRAY,<br>Plaintiff,<br>v.<br>KONRAD, et al.,<br>Defendants. | No. 2:23-cv-02526-DC-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding through counsel in this action brought pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's third amended complaint, ECF No. 62, and request to advance the case, ECF No. 66. For the reasons set forth below, the undersigned recommends the third amended complaint be dismissed with leave to amend.

**I. Procedural Background**

Plaintiff initiated this action by complaint filed June 16, 2023. ECF No. 1. After screening, plaintiff filed a first amended complaint against defendants Konrad and Lujman. ECF Nos. 13, 17. The court screened the first amended complaint and found it stated potentially cognizable claims against both defendants for violation of the Eighth Amendment for failure to protect, and ordered service be effectuated on both defendants. ECF Nos. 21, 27, 32, 38.

////

////

Defendant Konrad moved to dismiss, ECF No. 31, and defendant Lujan filed an answer. ECF No. 46. While the motion to dismiss was pending, plaintiff filed a second amended complaint. ECF No. 52. The court then granted the motion to dismiss and granted plaintiff leave to file a third amended complaint. ECF No. 56. Plaintiff, through counsel, timely filed a third amended complaint, on December 16, 2025. ECF No. 62. Plaintiff thereafter filed a request that the court advance the case past the screening stage. ECF No. 66.

**II. Legal Standard**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

**III. Discussion**

Plaintiff's third amended complaint raises three causes of action. Count One alleges that plaintiff's Eighth and Fourteenth Amendment rights were violated by defendants Konrad, Jones, Lynch, and Does 11-20. Count Two alleges that defendants Konrad, Lujan, Jones, Lynch, Does 11-20, and the State of California Department of Corrections and Rehabilitation were negligent, and Count Three alleges that the same defendants intentionally inflicted emotional distress against plaintiff. ECF No. 62.

**A. Count One**

Plaintiff alleges that defendants Konrad, Jones, Lynch, and Does 11-20 failed to ensure his safety from attacks by other inmates, violating his rights under the Eighth and Fourteenth Amendments. ECF No. 62 ¶¶ 64-92. Prison officials are obligated by the Eighth Amendment to take reasonable measures to protect prisoners from violence by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To state a failure-to-protect claim against an official, an inmate must allege: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the official was deliberately indifferent to his safety. *Id.* "Deliberate

indifference" occurs when an official knows of and disregards an excessive risk to an inmate's safety. *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The court previously found that plaintiff had pled a potentially cognizable claim against defendant Konrad, ECF No. 21, but subsequently granted defendant Konrad's motion to dismiss on the basis that plaintiff had failed to adequately plead facts tending to show that Konrad knew of an obvious or excessive risk to plaintiff from other inmates and that he demonstrated deliberate indifference to a substantial risk of serious harm. ECF Nos. 50, 56. These pleading deficits have not been remedied in the third amended complaint. Instead, plaintiff reasserts the same factual allegations as to defendant Konrad that he had pled in his first amended complaint. *Compare* ECF No. 17 at 1-2 *with* ECF No. 62 ¶¶ 31-37. Because the third amended complaint fails to cure the pleading deficits identified in the court's prior order, plaintiff fails to state a cognizable claim against defendant Konrad in Count One.

The third amended complaint fails to plead a potentially cognizable claim against defendants Jones, Lynch, and Does 11-20 on Count One. To demonstrate his entitlement to relief, plaintiff must show an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Pursuant to this principle, supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff fails to allege facts that show a potentially cognizable claim of constitutional violation against defendants Jones, Lynch, and Does 11-20 in Count One. In his third amended complaint, plaintiff alleges that these defendants concealed acts of deliberate indifference committed by subordinates, failed to properly supervise and train their staff, and failed to investigate credible reports of constitutional violations committed by their subordinates. ECF No. 62 ¶¶ 46-63, 67, 72-87. Plaintiff's allegations, however, lack any specificity as to the particular acts or omissions committed by any of these defendants, which would give rise to their liability on any of the theories plaintiff posits. Because plaintiff's allegations against these defendants are vague and conclusory, plaintiff fails to show that potentially cognizable claim of constitutional violation against defendants Jones, Lynch, and Does 11-20 on Count One. *See Ivey*, 673 F.2d 266, 268.

**B. Counts Two and Three**

In Count Two, plaintiff alleges that the same acts and omissions giving rise to Count One also rendered all defendants negligent towards plaintiff, in violation of California law. In Count Three, he alleges that, by the same acts, all defendants intentionally inflicted emotional distress on plaintiff, also in violation of California law.

As to defendants Lujan, Does 1-10, and the California Department of Corrections and Rehabilitation, plaintiff fails to plead cognizable claims in Counts Two and Three. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). Here, plaintiff has only raised state-law claims against defendants Lujan, Does 1-10, and the California Department of Corrections, in that neither Counts Two nor Three alleges that these defendants violated any rights guaranteed by federal law or the Constitution. See *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) ("Mere negligence . . . [is] not actionable under section 1983."). Accordingly, plaintiff has not shown that he has cognizable federal claims against defendants Lujan, Does 1-10, or the California Department of Corrections and

Rehabilitation, and Claims Two and Three against these defendants should therefore be dismissed.

As to defendants Jones, Lynch, and Does 11-20, should plaintiff remedy the pleading deficits in Count One identified above, then the court may exercise pendent jurisdiction over Counts Two and Three for these defendants. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'" *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir.1991)). Generally, however, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, plaintiff's allegations, albeit vague, suggest that the same core of operative facts give rise to Counts One, Two, and Three against defendants Jones, Lynch, and Does 11-20, such that the court may exercise pendent jurisdiction over Counts Two and Three. The factual allegations of Counts Two and Three, however, demonstrate the same deficits as those of Count One, in that plaintiff fails to specify the particular acts or omissions committed by these particular defendants that give rise to their legal liability. These allegations are deficient as currently pled, *see Fayle*, 607 F.2d at 862, and therefore the undersigned recommends Claims Two and Three be dismissed as to defendants Jones, Lynch, and Does 11-20, as well, with leave to amend.

The allegations of Counts Two and Three relative to defendants Jones, Lynch, and Does 11-20 are additionally defective for failing to allege plaintiff's compliance with California's Government Claims Act. Under the Act, prior to bringing a tort claim against a public entity or its employees, the plaintiff must present the claim to the California Victim Compensation and Government Claims Board, within six months of the cause of action accruing. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. To state a cognizable tort claim against a California state

employee, a plaintiff must allege compliance with the Government Claims Act. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988); *Bodde*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477. Here, plaintiff has failed to allege compliance with California's Government Claims Act and therefore has failed to state cognizable tort claims against defendants Jones, Lynch, and Does 11-20. For this additional reason, plaintiff's allegations on Counts Two and Three as to these defendants are defective as presently pled.

**CONCLUSION**

Accordingly, it is RECOMMENDED that plaintiff's third amended complaint (ECF No. 62) be DISMISSED with leave to amend within 30 days of service of this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE